### SOCCOROSO v. PHILADELPHIA & R. RY. CO.

(Circuit Court, E. D. Pennsylvania. June 14, 1909.)

No. 522.

MASTER AND SERVANT (§ 236*)—MASTER'S LIABILITY FOR INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE—RAILROAD TRACKS.

Plaintiff, a track laborer on defendant's railroad, at about quitting time for the day, was directed by his foreman to gather up some coats and tools which were across the tracks, and when recrossing and walking between the rails was struck from behind by an engine and injured. The engine was moving slowly, and plaintiff could have seen it. *Held* that, being in a place of known danger, with nothing to prevent him from using his senses for his protection, he was not justified in relying on the foreman or the trainmen to give him warning, but was guilty of contributory negligence as matter of law, which precluded his recovery, conceding the negligence of defendant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 723–742; Dec. Dig. § 236.*]

At Law. On motion to strike off nonsuit.

See, also, 166 Fed. 378.

John J. McDevitt, Jr., for plaintiff.

Wm. Clarke Mason, for defendant.

HOLLAND, District Judge. The plaintiff in this case was a laborer employed by the defendant, and was engaged at work as a member of a gang of trackmen upon the right of way of the defendant company. At the time of the injury he was at some distance from the other members of his gang picking up tools along the track, and walking with his back toward the engine which struck him. The case had been tried before Judge McPherson at the preceding term and a compulsory nonsuit entered on substantially the same testimony which the plaintiff submitted in this trial. The evidence here is given more in detail, but there are no new facts introduced to relieve the plaintiff of the contributory negligence of which Judge McPherson held he was guilty. In that case it was considered unimportant to construe the Pennsylvania employer's liability act of June 10, 1907 (P. L. 523), or to consider the fellow servant rule as modified by the previous warnings given by the foreman to the men in his gang. From the following it will appear clearly upon what ground the court granted the nonsuit at the former trial:

"My reason for holding that this statute is not now controlling, and that any modification of the fellow servant rule that may be due to the previous warnings given by the foreman is equally ineffective, is based upon what I regard as an inevitable conclusion from the testimony, namely, the plaintiff is chargeable with contributory negligence. If this be true, neither the statute nor the modified rule above referred to will avail to support a recovery. The facts are few and clearly established. The plaintiff had been working all day with other laborers upon the tracks of the defendant company. Within a few minutes of 6 o'clock he was directed by the foreman to cease the work he had been doing, and in preparation for quitting to cross the tracks for the purpose of fetching some coats that had apparently been laid alongside the railroad, and also to look about for loose tools. He crossed the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tracks in safety, picked up a coat or two, stepped again upon the tracks to recross them, and while walking between the rails was struck by an engine whose appearance and approach he did not observe. The engine gave no signal, and the foreman gave no warning, and for present purposes I assume that the company was negligent. Nevertheless, I think that the nonsuit was properly entered, because the plaintiff's contributory negligence seems to be clear. He was no longer engaged in the work upon the tracks, where he may have been entitled to expect that the foreman would look out for his safety and would give warning of the approach of danger. His faculties were no longer employed upon that labor, which might fairly be regarded as so absorbing that he could not properly be asked to care for himself. He was simply walking in a place of known and obvious danger; but he was free to look and listen for the approach of a train or an engine, and, if he had exercised the commonest precaution in this respect, the injury could not have been inflicted. The engine was not moving rapidly. It had come a very short distance, and could not possibly have gained much speed; but he had left wholly unguarded the quarter from which it approached, for his back was turned toward that direction, although he was walking between the rails and was necessarily liable to be struck by a moving car or engine. These are the brief and simple facts, and to my mind they witness so positively to the contributory negligence of the plaintiff that to state them seems to be sufficient. Plainly, if he had done no more than turn his head to look along the tracks before he undertook to cross them, he could not have helped seeing the engine only a few yards away. If he looked and saw it, he was reckless in turning his back upon it without making sure that it was not moving or about to move. If he did not look at all, he was certainly negligent in blindly taking the risk of being able to use the tracks with safety. There was nothing about the act in which he was engaged that prevented him from turning his head or using his eyes, and I see no escape from the conclusion that his deplorable injury was due to his own failure to employ such elementary care as the situation obviously required."

The evidence offered at this trial is substantially the same, and what was said in the opinion on the motion to take off the nonsuit in the former case is applicable to the facts established here; and for the reasons there stated the motion in this case is overruled.